NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0716n.06
Case No. 19-6482

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | **FILED**<br>Dec 23, 2020<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | |
| v. | ) | **ON APPEAL FROM THE** |
| | ) | **UNITED STATES DISTRICT** |
| **ALFORD ROBINSON,** | ) | **COURT FOR THE WESTERN** |
| | ) | **DISTRICT OF TENNESSEE** |
| **Defendant-Appellant.** | ) | |
| | ) | |

**BEFORE: BATCHELDER, WHITE, and BUSH, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.** At his trial on an indictment as a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), Alford Robinson stipulated that he was a convicted felon when he possessed two handguns. On February 21, 2019, the jury convicted him.

Prior to Robinson's sentencing, the Supreme Court issued *Rehaif v. United States*, 139 S.Ct. 2191, 2195 (2019), which interpreted § 922(g) as requiring the prosecution to prove both that the defendant knew he possessed a firearm and knew that he belonged to the relevant category of people barred from possessing a firearm, in this case, convicted felons. Robinson moved the district court to vacate his conviction on several grounds, all stemming from the fact that the prosecution had not expressly charged or proven that he knew he was a convicted felon.

The district court denied the motion, finding that any flaw in the indictment was ultimately harmless, that the evidence at trial (particularly Robinson's stipulation) was sufficient to prove that Robinson knew he was a convicted felon, and that the error in the jury instruction was not plain error. *United States v. Robinson*, No. 2:17-CR-20046, 2019 WL 7985173 (W.D. Tenn. Nov. 13,

2019); *see also, e.g., United States v. Ward*, 957 F.3d 691 (6th Cir. 2020) (analyzing virtually identical arguments); *United States v. Conley*, 802 F. App'x 919 (6th Cir. 2020) (same).

After carefully reviewing the law, the parties' arguments, and the record evidence, we conclude that the district court correctly assessed the evidence at trial and correctly applied the law to this evidence. The issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.